**THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Palm Beach Concours, LLC                    Case No.

Plaintiff,

v.

SUPERCAR WEEK INC. and
NEIL LONDON,

Defendants.

---

## COMPLAINT

Plaintiff Palm Beach Concours, LLC ("PB Concours") hereby sues defendants SuperCar Week Inc. ("SuperCar Week") and Neil London (hereinafter referred to as "London") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125(a) and trademark infringement and unfair competition under Florida common law. This Court has jurisdiction under 15 U.S.C. §1121, 28 U.S.C. §§ 1331, 1332 and 1338. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because they are so closely related to the federal claims that they form a single case or controversy.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since defendants conducted business in this judicial district and a substantial portion of the events or omissions giving rise to this action occurred in this judicial district.

## THE PARTIES

3. PB Concours is a Florida limited liability company having a principal address of 2348 Military Trail, West Palm Beach, Florida 33409. PB Concours is engaged in the business of promoting and operating a first-class, high-end classic automobile and exotic concours automobile show.

4. SuperCar Week is a corporation duly organized under the laws of the State of Florida having a principal address of 4379 Woodstock Drive, Suite # C, West Palm Beach, Florida 33409. SuperCar Week is also engaged in the business of promoting and operating a car show titled "Supercar Week" for the past nine years.

5. London is *sui juris* and resides in Palm Beach County, Florida.

6. London is the President and Executive Producer of Supercar Week.

7. Defendants infringed on PB Concours' trademark rights causing injury to PB Concours by directly engaging in the use of PB Concours' trademark within this judicial district, and therefore, the Court has personal jurisdiction pursuant to Florida Statutes, Section §48.193(1)(a)(2).

## FACTUAL ALLEGATIONS

### Palm Beach Concours

8. A "concours" is a formal display of antique and classic cars grouped by style or make that undergo precise judging to determine the best in class. It is a ticketed event with tickets ranging in price from $150 to $900. It is multi-day event generally featuring a driving tour of the featured cars to pre-destined stops, a main judging event officiated, a charity event or gala and an awards ceremony. There are numerous prestigious concours shows across the

country, including the Pebble Beach Concours d'Elegance, the Amelia Concours d'Elegance of Texas, and the Detroit Concours.

9. PB Concours, founded by Mr. Sidney Vallon, held its first Palm Beach Concours on Worth Avenue on Palm Beach Island in December of 2019, with a turnout of over two thousand five hundred spectators and, more than one hundred million dollars worth in luxury vehicles, from classics to exotics to hypercars. The Palm Beach Concours was attended by numerous celebrities including Bill Gates, Lori Greiner, and James Glickenhaus.

10. Vallon purchased the domain name "palmbeachconcours.com" in December 2017 anticipating his dream of organizing a Concours event in Palm Beach.

11. Vallon ultimately formed PB Concours on August 20, 2019 and created its Facebook page "Palm Beach Concours" on August 23, 2019.

12. In 2019, PB Concours registered its trademark "Palm Beach Concours" with the Florida Division of Corporations (the "PB Concours Mark") and the registration is incontestable. Vallon certified that the PB Concours Mark was first used in Florida on August 11, 2019.. A copy of the Trademark Certificate dated October 31, 2019 is attached hereto as Exhibit A.

13. PB Concours continually used the PB Concours Mark throughout Florida in advertising campaigns and in the community and on its website www.palmbeachconcours.com. In addition, PB Concours has been actively involved in the community in its efforts to further promote its brand and the car show.

14. PB Concours has used the PB Concours Mark in interstate commerce to identify and distinguish PB Concours' high quality automobile show since 2019.

15. PB Concours has expended substantial time and money developing, advertising and promoting the PB Concours Mark.

16. PB Concours extensively used, advertised and promoted the PB Concours' Mark in the United States in connection with its annual Palm Beach concours shows.

17. As a result of PB Concours' efforts, consumers, car enthusiasts and car dealers readily identify the PB Concours Mark as being high quality and approved by PB Concours.

**Supercar Week**

18. SuperCar Week and London host a separate car show in Palm Beach which defendants describe on their website as a car event that "is open to the public as a FREE ADMISSION family event and is the culmination of a full week of Palm Beach County public and VIP auto enthusiasts events entitled SuperCar Week."

19. The Supercar event was initially conceived by John Temerian as a showcase for one of the world's largest collections of privately owned Supercars, including Bugattis, Ferraris, Mclarens and Lamborghinis. The first event known as Palm Beach SuperCar Weekend was held in 2005. Temerian formed "SuperCar Weekend, LLC" in December 2008.

20. Capitalizing on the SuperCar Weekend name, London formed "SuperCar Week Inc."several years later in 2012. Like SuperCar Weekend LLC, SuperCar Week, Inc. showcased supercars on the waterfront in West Palm Beach.

21. Prior to founding PB Concours, Vallon was a sponsor of SuperCar Week. Vallon discussed with London his desire to do a judged concours event on Worth Avenue and suggested that he and London work together to coordinate their respective car events to complement one another. London expressed no interest in working with Vallon so Vallon proceeded on his own.

**Concours Palm Beach**

22. In September 2019, one month after PB Concours began using the Palm Beach Concours Mark and began posting on its social media site, defendants created a Facebook page with the similar name "Concours Palm Beach."

23. Defendants did not organize or operate a concours event but rather used the Facebook page to redirect the public to its Supercar Week event which was being held January 4 through 12, 2020. SuperCar Week's car show is not a concours event but rather merely a car show open to the public.

24. Upon information and belief, defendants acted willfully and with intent to deceive the public, including car enthusiasts and car dealers, and to create confusion as to whether SuperCar Week's car show is the same as, affiliated with, sponsored by, or endorsed by PB Concours. Over the next several years defendants continued to use the substantially misleading Facebook page and substantially similar mark to continue to confuse the public.

25. PB Concours never authorized defendants to use the PB Concours Mark in any manner whatsoever.

26. SuperCar Week began using a similar PB Concours Mark in connection with its car show.

27. SuperCar Week has advertised its car show using the PB Concours Mark itself.

28. At all times relevant hereto, defendants had full knowledge of PB Concours' prior use and ownership of the PB Concours Mark, including its exclusive right to use the PB Concours' Mark and the goodwill associated therewith.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

29. PB Concours hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 28 above.

30. This is an action for trademark infringement against defendants SuperCar Week and London.

31. Defendants use of PB Concours' Mark in connection with its car shows has and will likely cause confusion, mistake and deception among consumers, the public, and the trade as to whether SuperCar Week's car show is affiliated with, sponsored by, or endorsed by PB Concours.

32. Defendants actions, as set forth, constitute infringement of PB Concours' trademark registration in violation of the Lanham Act, 15 U.S.C. § 1114(1).

33. Defendants have acted with actual or constructive knowledge of the PB Concours' Mark and registration, and upon information and belief, with deliberate intention to confuse consumers, or willful blindness to PB Concours' rights.

34. Upon information and belief, defendants have made and will continue to make profits and/or gains to which they are not entitled.

35. By reason of the foregoing, PB Concours has been and will continue to be irreparably harmed and damaged.

36. PB Concours' remedies at law are inadequate to compensate for this harm and damage.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

37. PB Concours hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

38. PB Concours owns a valid trademark entitled to protection under the Lanham Act.

39. Defendants have demonstrated a deliberate intent to trade off the goodwill of PB Concours' trademark as a means of increasing SuperCar Week's own profit and reputation at the expense of PB Concours.

40. Defendants' deliberate conduct is likely to result in consumers attending SuperCar Week's car show in mistaken belief that it originates from PB Concours.

41. Defendants use of the PB Concours Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of SuperCar Weeks with PB Concours.

42. Defendants' actions, as set forth, constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)

43. Upon information and belief, SuperCar Week has made and will continue to make profits and/or gains to which they are not entitled.

44. By reason of the foregoing, PB Concours has been and will continue to be irreparably harmed and damaged.

45. PB Concours' remedies at law are inadequate to compensate for this harm and damage.

**COUNT III**
**FLORIDA COMMON LAW TRADEMARK INFRINGEMENT**

46. PB Concours hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 45 above.

47. PB Concours owns a valid trademark entitled to protection under Florida common law.

48. Defendants' use of the PB Concours Mark is likely to cause confusion, mistake and deception among consumers, the public, and the trade as to whether SuperCar Week's'\ products are affiliated with, PB Concours.

49. This conduct constitutes trademark infringement under Florida common law, and has caused and will continue to cause, PB Concours to incur damage.

50. By reason of the foregoing, PB Concours has been and will continue to be irreparably harmed and damaged. PB Concours' remedies at law are inadequate to compensate for this harm and damage.

**COUNT IV**
**FLORIDA COMMON LAW UNFAIR COMPETITION**

51. PB Concours hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 50 above.

52. Defendants have infringed on the PB Concours' Mark in violation of PB Concours' trademark rights.

53. Defendants have demonstrated a deliberate intent to trade off the goodwill of the PB Concours Mark as a means of increasing defendants' own profits and enhance their reputation at the expense of PB Concours.

54. This conduct constitutes unfair competition under Florida common law, and has caused, and will continue to cause, PB Concours to incur damage.

55. By reason of the foregoing, PB Concours has been and will continue to be irreparably harmed and damaged.

56. PB Concours' remedies at law are inadequate to compensate for this harm and damage.

**PRAYER FOR RELIEF**

**WHEREFORE,** PB Concours prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. That defendants and their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting in concert or privity with defendants, be permanently enjoined from: (1) using the PB Concours Mark, or any similar variations thereof; (2) using any trademark that imitates or is confusingly similar to the PB Concours Mark, or is likely to cause confusion, mistake, deception, or public misunderstanding as to the origins of PB Concours' goods or their relatedness to SuperCar Weeks; and (3) engaging in trademark infringement, unfair competition, false designation of origin, or other activities that misappropriate PB Concours' trademark rights.

B. That defendants be ordered to deliver up for destruction all clothing, containers, labels, signs, packaging, advertising, promotional material or the like in the possession, custody or control of defendants bearing a trademark found to

infringe PB Concours' trademark rights, as well as all plates and other means of making same.

C. That defendants be ordered to pay damages, including but not limited to defendants' profits, and those damages be trebled under 15 U.S.C. § 1117.

D. That defendants be compelled to account to PB Concours for any and all profits derived from its illegal acts complained of herein under 15 U.S.C. § 1117.

E. That defendants be ordered to pay PB Concours' costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

F. Awarding such other relief as the Court may deem just and proper.

**JURY DEMAND**

PB Concours hereby demands a trial by jury of all issues so triable.

Dated this 15th day of June, 2022.

Respectfully Submitted,

KRAMER & KLINGSBERG
*Attorneys for Palm Beach Concours, LLC*
16215 Cabernet Drive
Delray Beach, FL 33446
Tel: (561) 235-6199
Tel: (561)306-7684
Facsimile: (561) 496-5499

By: /s/ George W. Kramer
George W. Kramer, Esq.
Florida Bar No. 0104214
gkramerlaw@gmail.com
Debra D. Klingsberg, Esq.
Florida Bar No. 767921
dklingsberglaw@gmail.com

**EXHIBIT A**




FLORIDA DEPARTMENT OF STATE
Division of Corporations

October 31, 2019

SIDNEY VALLON
PALM BEACH CLASSICS, LLC
2348 N MILITARY TRAIL
WEST PALM BEACH, FL 33409

The mark registration for PALM BEACH CONCOURS & DESIGN OF A CAR WITH "PALM BEACH CONCOURS" was filed on October 18, 2019, and assigned document number T19000001222. Please refer to this number whenever corresponding with this office.

It should be noted that registration of a mark by the Florida Department of State is a ministerial act intended solely to provide public notice of the registrant's ownership rights. The right of ownership of any mark is based on the use of a mark in the ordinary course of trade and is not based on a grant by the Florida Department of State. Further, it is the responsibility of the owners of an existing mark, not the Florida Department of State, to defend it in cases of infringement.

Please be aware that a mark shall be effective for a term of 5 years from the date of registration. To maintain "ACTIVE" status with the Division of Corporations, a renewal must be filed within 6 months prior to its date of expiration. Under 495.071, Florida Statutes, there is NOT a grace period once the mark has expired.

Enclosed please find your certification.

Should you have any questions regarding this matter, please telephone (850) 245-6051, the Trademark Section.

Karen A Saly
Regulatory Specialist II
Division of Corporations

Letter number: 019A00022547




Department of State

I certify from the records of this office that SIDNEY VALLON, located at 2348 N MILITARY TRAIL, WEST PALM BEACH, FL 33409 has registered PALM BEACH CONCOURS & DESIGN OF A CAR WITH "PALM BEACH CONCOURS" to be used as a mark under class(es) 0041. Said mark was first used anywhere August 11, 2019 and was first used in Florida August 11, 2019.

I further certify this mark is being used in connection with the following goods and/or services: CAR SHOW.

I further certify that said mark was registered in this office on October 18, 2019 and its date of expiration is October 18, 2024.

The number of this mark is T19000001222.

Disclaimer for: "PALM BEACH"

Given under my hand and the Great Seal of the State of Florida at Tallahassee, the Capital, this the Thirty-first day of October, 2019




*Laurel M. Lee*
*Secretary of State*

CR2E022 (01-11)