UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
WEST PALM BEACH DIVISION

| | |
|---|---|
| **PALM BEACH CONCOURS, LLC**<br><br>Plaintiff,<br><br>-vs-<br><br>SUPERCAR WEEK, INC., and<br><br>NEIL LONDON,<br><br>Defendants. | Case No.: 9:22-cv-80888-DMM |

## DEFENDANTS' 12(b)(1) MOTION TO DISMISS

**COMES NOW,** Defendants, SUPER CAR WEEK, INC., and NEIL LONDON, by and through undersigned counsel hereby files this Motion to Dismiss and in support thereof states:

## FACTUAL BACKGROUND

Plaintiff filed the instant complaint in this Court based on inter alia trademark infringement and unfair competition. Defendants respectfully submit that the complaint did not allege a basis on which the district court could have exercised jurisdiction, the Plaintiff lacks standing and has stated claims on which no relief may be granted.

## THE PARTIES

Plaintiff, **PALM BEACH CONCOURS** was founded by Sidney Vallon which held its

1

first Concours event on Palm Beach Island in December 2019. DE 1 ¶ 9. The term "concours" is a generic term defined as a public competition or contest. [1]

Mr. Vallon, **not** Palm Beach Concours is the owner of the Florida registered trademark, mark number T19000001222: "**PALM BEACH CONCOURS & DESIGN OF A CAR WITH "PALM BEACH CONCOURS"** to be used in connection with car shows. Said mark was registered on October 18, 2019. DE 1 at 11-12.

Defendants, **SUPERCAR, INC.** and **LONDON** operate "SuperCar Week" which celebrated its 12th Annual SuperCar Week in January 2022.  The event is open to the public and car enthusiasts as a free admission family event on the West Palm Beach Waterfront and on Palm Beach Island.  SuperCar Week has been sponsored by then-Mayor Lois Frankel, and more recently, Governor Ron DeSantis. Within the SuperCar week of events there includes many activities; including but not limited to fashion shows, car shows and competitions, i.e., concours events. Defendants cannot possibly infringe upon Plaintiff's purported mark because the portion of the mark over which Plaintiff asserts protection, "Palm Beach Concours," is both geographic and generic and not entitled to protection.

## THE DISTRICT COURT LACKS SUBJECT-MATTER JURISDICTION

Plaintiff seeks to invoke jurisdiction on this Court under the following federal statutes:

1. 28 U.S.C. 1331: Federal Question
   a. Trademark Infringement under 15. U.S.C. § 1114
   b. Unfair Competition under 15 U.S.C. § 1125(a)
2. 28 U.S.C. 1332: Diversity Jurisdiction
3. 15 U.S.C. 1121: Lanham Act Jurisdiction
4. 28 U.S.C. 1338: Pendant Jurisdiction
5. 28 U.S.C. 1367 Supplemental Jurisdiction

---

[1] https://www.merriam-webster.com/dictionary/concours

2

Plaintiff's claims regarding their Florida trademark are exclusively within the jurisdiction of the state courts and not within the purview of the federal court. Each of the following attempts at conferring jurisdiction upon this Court must fail.

## PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiff seeks to prevent Defendant from infringing upon its Florida registered trademark, mark number T19000001222: "**PALM BEACH CONCOURS & DESIGN OF A CAR WITH "PALM BEACH CONCOURS"** to be used in connection with car shows. Said mark was registered on October 18, 2019. DE 1 at 11-12.

However, no claim is presented in Plaintiff's Complaint that Defendants have used said mark. Plaintiff merely claims that "Defendants infringed on PB Concours' trademark rights causing injury to PB Concours." DE 1 at ¶ 7.

Plaintiff fails to allege that Defendants have used the registered mark and therefore have failed to plead and prove a claim upon which relief may be granted.

## PLAINITFF LACKS STANDING

Plaintiff, Palm Beach Concours lacks standing to bring suit as it does not have ownership of the registered mark "**PALM BEACH CONCOURS & DESIGN OF A CAR WITH "PALM BEACH CONCOURS."** Plaintiff's purported registration of the mark indicates that Sidney Vallon is the owner of the mark. Under Florida trademark law, a form entitled "Assignment of Mark Registration" must be filed with the Registration Section, Division of Corporations. The assignment must be signed by the assignor (the old owner) and the assignee (the new owner). Both signatures must be notarized. Plaintiff's Complaint fails to present an assignment of the trademark registration from Vallon to Palm Beach Concours, therefore, Palm Beach Concours has no standing to bring suit.

## ARGUMENT AND MEMORANDUM OF LAW

1. **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)) (internal quotation marks omitted). A party invoking federal jurisdiction thus "bears the burden of establishing its existence." *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004).

The Federal Rule of Civil Procedure provide for dismissal of an action for "lack of subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or lack of any factual support for subject-matter jurisdiction despite the pleading's sufficiency (factual attack). *Esch v. Bimini Sands Marina, Ltd.*, Case No. 18-61850-CIV-WPD (S.D. Fla. August 15, 2019).

For a facial attack, all allegations are accepted as true. *Id*. For a factual attack, evidence outside the pleadings needed to resolve factual disputes as to jurisdiction may be considered. *Id*. Plaintiffs have the burden of establishing jurisdiction. *Id*.

A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). An opposing party may attack a complaint for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Under Fed. R. Civ. P. 12(h)(3), a court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." *Hammer v. Haire*, 369 Fed. Appx. 989 (11th Cir. 2010).

Notwithstanding that the Court lacks subject-matter jurisdiction, Plaintiff has failed to state a claim on which relief may be granted. In *Iqbal*, the Supreme Court approved a two-part process

for evaluating a motion to dismiss under Rule 12(b)(6): [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Sargeant v. Maroil Trading Inc.*, Case No.: 17-81070-CIV-BLOOM/REINHART (S.D. Fla. May 30, 2018). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id*.

Plaintiff in the instant matter has alleged conclusory statements regarding trademark infringement without any proof whatsoever. Trademarks are listed in a Florida database in order to put others on notice of the registered mark. But Plaintiff misstates their registered mark and seeks to enforce only a portion thereto. The portion of the mark that Plaintiffs seek to prevent others from using, "Palm Beach Concours" is geographic and generic and not entitled to protection.

Lastly, Plaintiff lacks standing to bring this action. The registered trademark holder is not a named Plaintiff in this action and there exists no assignment of trademark rights listed in the Florida Division of Corporations Registration Division from Vallon to Plaintiff. Therefore, Plaintiff lacks standing to enforce rights in the registered mark.

Defendants in the instant matter mount a facial attack of Plaintiff's complaint alleging lack of subject-matter jurisdiction, failure to state a claim on which relief may be granted, and lack of standing and seek to review merely the four corners of the complaint.

2. **THE DISTRICT COURT LACKS SUBJECT-MATTER JURISDICTION**
    a. **28 U.S. Code § 1331 - Federal question jurisdiction**

Pursuant to 28 U.S.C. § 1331,

> "district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Scarborough v. Carotex Constr., Inc.*, 420 Fed. Appx. 870, 873 (11th Cir. 2011).

5

Plaintiff seeks to invoke federal jurisdiction under an Act of Congress, namely the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*. While it is true that the district courts shall have original jurisdiction of all civil actions arising under the Act, it is not applicable here as Plaintiff does not have a 'registered mark."

      i.    **The Lanham Act 15 U.S.C. § 1114 Does Not Apply to Plaintiff's Unregistered Mark**

Plaintiff asserts a claim of trademark infringement under 15 U.S.C. §1114. The Act provides for a national system of trademark registration and protects the owner of a *federally* registered mark against the use of similar marks if such use is likely to result in consumer confusion. [emphasis added] Under the Act, 15 USCS § 1127, **"[t]he term "registered mark" means a mark registered in the United States Patent and Trademark Office**. [emphasis added] *D.B.C. Corp. v. Nucita Venezolana*, Case No: 18-25225-CIV-MORENO, (S.D. Fla. June 2, 2020). Plaintiff owns a registered trademark under Florida Law. Pursuant to Plaintiff's filings DE 1 at 11-12, the certificate of registration issued by the Florida Department of State, Division of Corporations on October 31, 2019 states:

Sidney Vallon, the owner of the mark, has registered the following mark with the state of Florida:

**"PALM BEACH CONCOURS & DESIGN OF A CAR WITH "PALM BEACH CONCOURS""**

Plaintiff's purported registered mark is entitled to protection under Chapter 495 Florida Statutes *et seq.*, but the mark is not entitled to protection under the Lanham Act as it is not a registered mark with the United States Patent and Trademark Office. Therefore, Plaintiff's claims under Count I Trademark Infringement pursuant to 15 U.S.C. § 1114 must fail as the potential trademark infringement claim is governed by Florida state law.

6

### ii.  Since the Complained of Activity Does not Affect Commerce, This Court Does not have Subject-Matter Jurisdiction Pursuant To 15 U.S.C. 1125(a) False Designation of Origin and Unfair Competition

Plaintiff has alleged a cause of action under a separate statute of the Lanham Act, 15 U.S.C. 1125(a), which reads in part as follows:

> "Any person who shall * * * use in connection with any goods or services * * * a false designation of origin * * * and shall cause such goods or services to enter into commerce * * * shall be liable to a civil action by any person * * * who believes that he is or is likely to be damaged by the use of any such false description or representation." *Burger King of Florida, Inc. v. Brewer*, 244 F. Supp. 293, 297 (W.D. Tenn. 1965).

Infringement of [an unregistered] service mark is cognizable under § 43(a), but only where the mark or goods are in some way caused to enter into interstate commerce.  *See* (*Rickard v. Auto Publrs.*, Inc, 735 F.2d 450, 453 (11th Cir. 1984) (In actions involving unregistered trademarks, the jurisdiction of the federal courts extends only to cases in which a false designation of origin has been "transported or used in commerce." 15 U.S.C. § 1125(a). "The word 'commerce' means all commerce which may lawfully be regulated by Congress," but "purely intrastate disputes . . . are not subject to the Lanham Act's regulation.)

The Eleventh Circuit has cautioned that claims arising out of "purely intrastate disputes" are not subject to the Lanham Act because they do not fall within the Commerce Clause. *Jeffibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 838 (11th Cir. 1983) (citing *Iding v. Anaston*, at 1019). *Lady of Am., Inc. v. Gerard*, Case No: 08-61303-CIV-GOLD/McALILEY (S.D. Fla. October 14, 2008).

In *Burger King of Florida, Inc.* supra, § 43(a) was held applicable where a "a purely intrastate business (referring to the local drive-in chain restaurant) is in interstate commerce for purposes of Sec. 43(a) of the Lanham Act if it has a *substantial economic effect on interstate commerce."* emphasis added. *Burger King of Fla.*, Inc. at 298.

7

In the instant case, Plaintiff and Defendants operate and market local car shows only within the Palm Beach area. Pursuant to the Complaint, Plaintiff admits that the complained of activity is purely local and states;

> "Sidney Vallon, (owner of the mark) held its first Palm Beach Concours on Worth Avenue on Palm Beach Island in December 2019." DE 1 at ¶ 9. "[Defendants] SuperCar Week and London host a separate car show in Palm Beach." DE 1 at ¶ 18.

Plaintiff admits that the complained of activity is not only purely intrastate, but rather purely localized within the Palm Beach area.

Plaintiff's Complaint alleges unfair competition under § 43(a) of the Act, 15 U.S.C. 1125(a) but fails to demonstrate that the unfair competition complained of has any effect on interstate commerce or that the purely intrastate business activities complained of therein are so substantial that they can possibly have any effect whatsoever on interstate commerce, a requisite to federal jurisdiction under Section 1125(a).

Therefore, since the complained of activity is purely intrastate and also does not substantially interfere with interstate commerce, this attempt to invoke jurisdiction upon this Court under U.S.C. 1331, a federal question, Section 43(a), 15 U.S.C. 1125(a) must fail.

3. **DIVERSITY JURISDICTION IS NOT APPLICABLE TO THE FACTS OF THE CASE**

28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy in pertinent part provides**:**

> "that the district court has jurisdiction when the matter in controversy exceeds the sum or value of $75,000 **and** is between citizens of different states." emphasis added. *Id*.

Inexplicably, Plaintiff seeks to confer jurisdiction upon this Court through diversity jurisdiction. However, diversity jurisdiction requires that no plaintiff is a citizen of the same state as any defendant. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).

However, here, Plaintiff admits in its complaint that both Plaintiff and Defendants reside and have a principal place of business in the state of Florida. See Complaint, DE 1at ¶¶ 3-5. Plaintiff's attempt at conferring jurisdiction under diversity must also fail. Additionally, Plaintiff has failed to establish damages in excess of $75,000, a crucial pleading element under diversity jurisdiction. Plaintiff's attempt at invoking diversity jurisdiction must be rejected.

4. **THE LANHAM ACT DOES NOT APPLY THEREFORE FEDERAL JURISCTION UNDER  15 U.S.C. § 1121 FAILS**

Section 1121(a) of the Lanham Act, provides in pertinent part:

> (a)     The district and territorial courts of the United States shall have original jurisdiction, [and] the courts of appeal of the United States (other than the United States Court of Appeals for the Federal Circuit) [and the United States Court of Appeals for the District of Columbia] shall have appellate jurisdiction, of all actions **arising under this Act**, [emphasis added] without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties. 15 USCS § 1121

Since Plaintiff's Florida trademark is not registered with the United States Patent and Trademark Office, it is not a "registered" mark entitled to protection under the Act. Since the allegations arise from the Florida trademark laws, this Court must dismiss for want of jurisdiction. *See* (*Magic Foam Sales Corp. v. Mystic Foam Corp.*, 73 F. Supp. 424, 73 U.S.P.Q. (BNA) 257, 1947 U.S. Dist. LEXIS 2323 (D. Ohio 1947), aff'd, 167 F.2d 88, 77 U.S.P.Q. (BNA) 66, 1948 U.S. App. LEXIS 4152 (6th Cir. 1948)) (When there was no diversity of citizenship, federal courts had no jurisdiction to enforce common-law trademark rights; that allegedly infringing mark was registered was insufficient to give jurisdiction; unless right which plaintiff sought to enforce was claimed by virtue of federal trademark laws, plaintiff had to seek remedy in state courts; claims arising out of unregistered common-law marks between citizens of same state did not present substantial federal questions.) *See also* (*Kaplan v. Helenhart Novelty Corp.*, 182 F.2d 311, 85 U.S.P.Q. (BNA) 285, 1950 U.S. App. LEXIS 4202 (2d Cir. 1950)) (Since trademark was

unregistered and there was no diversity jurisdiction, cause of action based on its infringement or misuse was not by itself within jurisdiction of federal court.)

5. **NO FEDERAL CLAIM EXISTS, THEREFORE SUPPLEMENTAL OR PENDANT JURISDICTION MUST FAIL**

U.S.C.S. § 1338(a) provides in pertinent part:

> "that a federal district court shall have original jurisdiction of any civil action "arising under" any Act of Congress relating to trademarks. 28 U.S.C.S. § 1338(a). Section 1338(b) provides that a federal district court shall have jurisdiction of any civil action asserting a claim of unfair competition when joined with a "substantial and related" claim under the trademark laws." 28 U.S.C.S. § 1338(b)

Plaintiffs have raised the question of this court's power to exercise pendent jurisdiction, pursuant to 28 U.S.C. § 1338(b) over the state claims alleged in the complaint. In *ILOVE305 I, LLC v. Café Americano Ocean*, the Southern District Florida Federal Court held that since Defendant had voluntarily dismissed all counts with respect to the Lanham Act claims, the only claims remaining against Defendant are the common law unfair competition claim, which is no longer joined with a "substantial and related claim . . . under the . . . trademark laws," . . . over which the Court has no independent basis for jurisdiction. *ILOVE305 I, LLC v. Café Americano Ocean*, Case No.: 21-cv-21579-BLOOM (S.D. Fla. June 30, 2021).

Application of § 1338(b) requires a state claim which is "joined with a substantial and related claim under the . . . trade-mark laws." *Albertson v. Anaston*, 266 F. Supp. 1015, 1019 (N.D. Ill. April 18, 1967). Since Plaintiff has not established jurisdiction within the district court, this Court must dismiss any attempt for pendant or supplemental jurisdiction as there exists no basis for jurisdiction.

6. **SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. § 1367 MUST FAIL**

28 U.S.C. § 1367 provides in pertinent part:

10

> "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

As cited above, original jurisdiction of this action lies in the state courts under Florida Statutes Chapter 495 *et seq.* relating to trademarks and not pursuant to the Lanham Act. Therefore, since no federal subject-matter jurisdiction has been established, this Court cannot exercise supplemental jurisdiction over the state claims and this Court must dismiss this action.

### 7. PLAINTIFF'S ASSERTION OF INCONTESTABILITY IS FRIVOLOUS AND NOT GROUNDED IN LAW

Plaintiff claims that its trademark "Palm Beach Concours" is incontestable. DE. 1 at ¶ 12. [Plaintiff's actual registered mark under the State of Florida Department of State is **PALM BEACH CONCOURS & DESIGN OF A CAR WITH "PALM BEACH CONCOURS"**] However, Plaintiff's assertion of incontestability of its registration is false and frivolous.

A mark's strength is enhanced if it has "incontestable" status. A mark is "incontestable" if it has been registered for five years with the Patent & Trademark Office ("PTO"), its holder has filed the affidavit required by 15 U.S.C. § 1065(3) with the PTO, and the PTO has accordingly declared the mark "incontestable. *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1257 (11th Cir. 2016).

Plaintiff does not own a registered mark with the Patent & Trademark Office and it has not been registered for five years even under the laws of the state of Florida where the mark is actually registered.

Florida law which provides that a trademark shall last for five years and then the owner of the mark must reapply.

Fla. Stat. § 495.071   Duration and renewal provides in pertinent part:

11

> (1) Registration of a mark hereunder shall be effective for a term of 5 years from the date of registration and, upon application filed within 6 months prior to the expiration of such term, in a manner and form complying with the requirements of the department, the registration may be renewed for a like term beginning at the end of the expiring term. Every application under this section shall be accompanied by a filing fee, payable to the department in accordance with s. 495.191.

Plaintiff registered the mark in October 2019. Therefore, the mark is less than three, not five years old. Additionally, Florida law does not provide for "incontestability" of a mark. Since Plaintiff's mark is not entitled to protection under the Lanham Act, it is not incontestable and Plaintiff's claim must fail.

## 8. PLAINTIFF LACKS STANDING

Article III standing requires that a plaintiff must show:

> (1) a concrete and particularized injury in fact that is actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury is likely to be redressed by a favorable decision. *Riggins v. Polk Cnty.*, 602 Fed. Appx. 765, 766 (11th Cir. 2015).

Pursuant to Plaintiff's filings, Sidney Vallon, **not** Palm Beach Concours is the registered owner of the trademark in question. DE 1 at 11-12. There is no offer of evidence to demonstrate any type of assignment or license arrangement between Vallon and Palm Beach Concours.

In *Albertson*, plaintiffs were residents of Florida and defendant was a resident of Illinois and the corporate defendant was an Illinois corporation. Defendants moved to dismiss stating that the plaintiffs were not the real parties in interest. *Albertson,* (N.D. Ill. 1967) The Albertson Plaintiffs alleged that they rendered services under the service mark for which they sought protection. However, the two corporations and not the individual rendered services under the mark. The Court held that there were no allegations that the plaintiffs licensed their mark to the corporate plaintiffs. In the absence of any allegation that a license arrangement exists, they and not the

12

individuals are the real parties in interest. *Id*. at 1017. A dismissal for lack of standing has the same effect as a dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Global Aero., Inc. v. Platinum Jet Mgmt., LLC*, Case No.: 09-60756-civ-COH/SELTZER (S.D. Fla. June 23, 2011).

Since Vallon is the real party in interest, Palm Beach Concours lacks standing to bring this claim and therefore this Court must dismiss the complaint for lack of subject-matter jurisdiction. Under Florida trademark law, a form entitled "Assignment of Mark Registration" must be filed with the Registration Section, Division of Corporations. The assignment must be signed by the assignor (the old owner) and the assignee (the new owner). Both signatures must be notarized. Plaintiff's Complaint fails to present an assignment of the trademark registration from Vallon to Palm Beach Concours, therefore, Palm Beach Concours has no standing to bring suit.

9. **THIS COURT MUST DISMISS COUNT III FLORIDA COMMON LAW TRADEMARK INFRINGEMENT AND COUNT IV FLORIDA COMMON LAW UNFAIR COMPETITION WHICH ARE BASED PURELY ON STATE LAW AND THERE EXISTS NO APPLICATION FOR SUPPLEMENTAL OR PENDANT JURISDICTION**

Plaintiff's remaining causes of action arise under Florida law. Since this Court lacks subject-matter jurisdiction, the Court may not exercise supplemental or pendant jurisdiction. Therefore, the remaining counts must be dismissed. See (*ILOVE305 I, LLC v. Café Americano Ocean,* supra) (since Defendant had voluntarily dismissed all counts with respect to the Lanham Act claims (Counts I, II, and III), the only claims remaining against Defendant are the common law unfair competition claim (Count IV), which is no longer joined with a "substantial and related claim . . . under the . . . trademark laws," . . . over which the Court has no independent basis for jurisdiction by virtue of Plaintiff's voluntary dismissal of the Lanham Act claims.)

13

## 10. PLAINTIFF VIOLATED F.R.C.P. RULE 11 WHICH REQUIRES PRE-FILING INQUIRY

In the instant case, Defendant asserts that Plaintiff failed to reasonably inquire prior to filing. Plaintiff should have known that their claims were devoid of merit and that Lanham Act trademark infringement did not apply to its Florida registered mark.

1. Plaintiff's unregistered mark is not entitled to protection under the Lanham Act,
2. Plaintiff lacked standing and the proper party was Vallon, not Palm Beach Concours,
3. Diversity Jurisdiction was completely inapplicable as both parties reside and work in the state of Florida,
4. Unfair Competition under the Lanham Act did not apply as the complained of activity was not only purely intrastate, but was based on activity in only one town in the state of Florida, namely Palm Beach,
5. Plaintiff's mark is not incontestable as it is not a registered mark under the Act and Florida law does not provide incontestability-enhanced-protection.

Fed. R. Civ. P. 11 provides in part as follows:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The affirmative duty imposed by Fed. R. Civ. P. 11 requires some prefiling inquiry into both the facts and law of the contemplated litigation. The reasonableness of the factual inquiry depends upon factors such as the amount of time available for investigation, the source of the facts underlying the pleading or motion, and the complexity of the facts. With regard to legal issues, the court may consider the complexity of the legal issues and the plausibility of the argument. Ultimately, if the attorney/party did not make a "reasonable inquiry," then the court **must** impose sanctions [emphasis added] -- despite the attorney/party's good faith belief that the claims

14

were sound. *Miles v. Georgia Dep't of Revenue*, 143 F.R.D. 302, 303 (S.D. Ga. September 22, 1992).

A cursory investigation into the above-stated insufficiencies of the pleading would have alerted Plaintiff that pleading in the federal court was improper, a waste of judicial resources, and an unnecessary increase of the cost of litigation. Defendants attempted to settle this claim prior to attending the Scheduling Conference on Friday July 15, 2022, however Plaintiff was unavailable. In the meantime, Defendants had to expend time and money to file this responsive pleading to the baseless and frivolous allegations contained in Plaintiff's complaint.

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. *Patterson v. Aiken*, 111 F.R.D. 354, 354 (N.D. Ga. June 27, 1986).

The selection of the appropriate sanction under Fed. R. Civ. P. 11 lies in the district court's "sound exercise of discretion." Although costs and attorney's fees are the most commonly imposed sanctions, a monetary sanction is a particularly reasonable use of a court's discretion. Additionally, the sanctions may be imposed solely against the attorney responsible for the frivolous action, especially where the attorney, not the client, breached the duty of reasonable inquiry. *Miles v. Georgia Dep't of Revenue,* at 303.

**WHEREFORE**, Defendants pray that this Court dismiss this action based on lack of subject-matter jurisdiction, lack of standing or in the alternative for failure to state a claim upon which relief may be granted. Defendants also respectfully request that this Court grant attorney's

fees and costs based on Plaintiff's violation of Rule 11 and any further relief this Court deems fair and just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on ___July 19, 2022___ I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or some other authorized manner.

*Dawn M. Alba*
Dawn M. Alba
Alba Law Office, PA
50 SE Ocean Blvd., Suite 304
Stuart, FL 34994
(561) 584-0023 cell
(772) 247-6784 office
F.B.N. 112814
Dawn@AlbaLawOffice.com

## SERVICE LIST

KRAMER & KLINGSBERT, Attorney for Palm Beach Concours, LLC
16215 Cabernet Drive
Delray Beach, FL 33446
Tel: (561) 235-6199
Tel: (561) 306-7684
George W. Kramer, Esq.
gkramerlaw@gmail.com
Debra D. Klingsberg
dklingsberglaw@gmail.com