UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-80888-CV-DMM

PALM BEACH CONCOURS, LLC,

                Plaintiff,

vs.

SUPERCAR WEEK INC, and
NEIL LONDON,

                Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS
## [ECF No. 16]

In a four-count Complaint, Plaintiff alleges statutory and common law claims for trademark infringement. Plaintiff alleges it owns a trademark for "Palm Beach Concours" that was registered with the Florida Division of Corporations in or about October 2019 ("the Mark"). ECF No. 1 (Complaint) ¶12. Count I alleged trademark infringement in violation of 15 U.S.C. §1114. Count II alleges unfair competition in violation of 15 U.S.C. §1125(a). Counts III and IV allege corresponding claims under Florida common law. The Complaint alleges subject matter jurisdiction over the statutory claims under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1332, and 1338. *Id.* ¶1. It alleges supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a). *Id.*

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim upon which relief can be granted. ECF No. 16. Defendants argue Plaintiff "lacks standing to bring suit as it does not have ownership of the Mark." *Id*. at 3. They separately argue that (for multiple reasons) the Complaint fails to state a federal claim upon which relief can be granted. And, they argue, because the Complaint fails to state a federal claim, this Court lacks federal question jurisdiction and supplemental jurisdiction over the state law claims.

The Motion to Dismiss should be GRANTED WITHOUT PREJUDICE. Plaintiff has failed to show Article III standing, so the Court has no subject matter jurisdiction and (derivatively) will not exercise supplemental jurisdiction. Separately, the Complaint must be dismissed as a shotgun pleading. Finally, Count I must be dismissed because it fails to allege Plaintiff holds a federally-registered trademark, which is a necessary element of the cause of action.[1]

Defendants' Motion also requests Rule 11 sanctions. That request is procedurally improper. Rule 11(c)(2) requires "[a] motion for sanctions must be made separately from any other motion."

## I.      LEGAL PRINCIPLES

Defendants' motion confuses concepts of constitutional standing, statutory jurisdiction, and adequacy of pleading. These are distinct concepts that require different analyses.  I begin by parsing these concepts for clarity.

---

[1] Because the Motion can be resolved on these multiple alternative grounds, I do not address Defendants' other asserted grounds for dismissal, which relate to the factual sufficiency of the Complaint. Those arguments are best addressed, if at all, if an Amended Complaint is filed.

*Article III Standing*

Article III of the constitution limits the judicial power of the federal courts to cases or controversies arising under the laws of the United States. "This case-or-controversy requirement comprises three familiar 'strands': (1) standing, (2) ripeness, and (3) mootness." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted). The standing requirement "'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.' Standing asks, in short, whether a particular plaintiff even has the requisite stake in the litigation to invoke the federal 'judicial Power' in the first place." *Id.* at 1337 (quoting *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016)).

Article III standing is a prerequisite to the Court exercising any judicial power. The proper procedural vehicle to challenge Article III standing is a motion under Rule 12(b)(1). "Article III standing . . . 'is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.'" *United States v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020) (en banc) (citation omitted). Without Article III standing, there is no constitutionally-cognizable case or controversy.

The party invoking the jurisdiction of a federal court bears the burden of establishing three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). There must be an injury-in-fact (an invasion of an interest that is *both* concrete and particularized, and actual or imminent), a causal connection between the plaintiff's injury and the challenged action of the defendant, and a likelihood (not merely

speculation) that a favorable judgement will redress the plaintiff's injury. *Gardner*, 962 F.3d at 1338 (quoting *Lujan*, 504 U.S. at 560-61).

*Federal Subject Matter Jurisdiction*

Even where a constitutionally-sufficient case or controversy exists, the Court can adjudicate that case only if there is a statutory grant of subject matter jurisdiction. Several federal statutes grant federal question jurisdiction over claims arising under the federal trademark laws (commonly called the "Lanham Act").[2]  This Court has original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Separately, this Court has original subject matter jurisdiction over "any civil action arising under any Act of Congress relating to . . . trademarks [and] any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the . . .

---

[2] A federal court also could have subject matter jurisdiction based on diversity of citizenship and amount in controversy. 28 U.S.C. §1332. Here, the Complaint alleges diversity jurisdiction but Plaintiff's response to the Motion to Dismiss does not repeat this allegation. *Compare* Complaint ¶1 *with* ECF No. 20 at 6. Even assuming this argument was not waived, Plaintiff has not pled diversity of the parties.

The Complaint alleges Plaintiff "is a Florida limited liability company having a principal address [in] West Palm Beach, Florida." Complaint ¶3. A limited liability company has the citizenship of each of its members. The record does not reflect where the LLC's members are citizens.

The Complaint further alleges Defendant SuperCar Week "is a corporation duly organized under the laws of the State of Florida having a principal address [in] West Palm Beach, Florida." ¶4. The citizenship of a corporation is its place of incorporation and its principal place of business. 28 U.S.C. §1332(c)(1). Its principal address is irrelevant.

Finally, the Complaint alleges Defendant London "resides in Palm Beach County, Florida." ¶5. Residence is not dispositive of citizenship.

trademark laws." 28 U.S.C. §1338. And, the Lanham Act has its own jurisdictional statute, which creates original jurisdiction over "all actions arising under this chapter." 15 U.S.C. §1121.

A federal court can exercise supplemental jurisdiction over state law claims that are closely related to federal claims falling within the court's subject matter jurisdiction. The Court's supplemental jurisdiction derives from Section 1367(a), which states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C §1367(a). A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c). The decision whether to decline supplemental jurisdiction is within the sound discretion of the trial court. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010).

*Statutory Standing*

When Congress creates a statutory cause of action, there are elements that must be alleged and proven. Congress can limit the class of people who can assert that cause of action. A person who falls outside that class can be said generically to lack "statutory standing" in the sense that he/she cannot bring a winnable lawsuit

5

under the statute. If one or more of the elements (including statutory standing) is not properly alleged, the case must be dismissed for failing to state a claim upon which relief can be granted. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case.") (emphasis in original). The procedural vehicle to frame this issue is a motion under Rule 12(b)(6).

Contrary to Defendants' argument, lack of statutory standing does not deprive the Court of subject matter jurisdiction. "Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." *Bell v. Hood,* 327 U.S. 678, 682 (1946) *cited in Steel Co.,* 523 U.S. at 89. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co.*, 523 U.S. at 89 (citation omitted). None of those situations exist here.

These questions must be addressed in the correct order. "Because standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider the merits of her claim, no matter how weighty or interesting." *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc). Where relief is sought simultaneously under both Rules 12(b)(1) and 12(b)(6), the Court must address the Rule 12(b)(1) issue first. *Gardner*, 962 F.3d at 1339.

*Trademark Infringement*

The Complaint seeks relief under two sections of the Lanham Act — Section 32(a) and Section 43(a). 15 U.S.C. §§1114, 1125(a). These causes of action are materially identical except that "Section 32(a) creates a cause of action for the infringement of a registered mark, whereas § 43(a) protects qualifying unregistered trademarks." *Tana v. Dantanna's*, 611 F.3d 767, 773 n.5 (11th Cir. 2010). For both statutes, the plaintiff must prove that:

1. Plaintiff owns (a) a federally-registered trademark or (b) an unregistered trademark that is entitled to protection because it is used in commerce, is distinctive, and is non-functional; and

2. Defendant is using a mark in connection with the sale of, or the offer to sell, goods in a manner that is likely to cause confusion among consumers about the source, affiliation, approval, or sponsorship of the goods.

*See* 11th Cir. Pattern Jury Instructions (Civil) §§10.1, 10.2.

## II.   DISCUSSION

With that clarification, Defendants' only argument that attacks this Court's subject matter jurisdiction is that Plaintiff does not own the Mark. If Plaintiff is not the owner of the Mark, it has not suffered a constitutionally-sufficient injury-in-fact, even if Defendants are infringing on the Mark. Put another way, Defendants infringing on someone else's trademark does not inflict a concrete and personalized injury on Plaintiff.

To be a concrete injury-in-fact, a plaintiff's injury must be "de facto" and "real", not "abstract." *Gardner, supra,* at 1341. An injury must also be particularized in that it "must affect the plaintiff in a personal and individual way." *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). All three requirements of concrete, particularized, and imminence must be

met to establish an injury-in-fact. *Trichell v. Midland Credit Mgmt., Inc.*, No. 18-14144, 2020 WL 3634917, at \*3 (11th Cir. July 6, 2020).

*Tomelleri v. Natale*, 19-CV-81080, 2020 WL 5887151, at \*2–3 (S.D. Fla. July 16, 2020) (J. Reinhart).

The Complaint alleges that the Plaintiff LLC owns the Mark, as evidenced by a registration with the Florida Division of Corporations in 2019. ¶12. The Registration Certificate is appended to the Complaint. ECF No. 1 at 11-12.[3]  It certifies "that SIDNEY VALLON, located at 2348 N. MILITARY TRAIL, WEST PALM BEACH, FL 33409 has registered PALM BEACH CONCOURS & DESIGN OF A CAR WITH 'PALM BEACH CONCOURS' to be used as a mark under class(es) 0041." The content of the attachment controls over the allegation in the Complaint. *Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007) (J. Cohn) (citation omitted) ("[W]here there is a 'conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), Fed. R. Civ. P., the exhibit prevails.").

In response to the Motion to Dismiss, Mr. Vallon submitted a sworn declaration saying that he and his wife are the sole owners of the sole member of the Plaintiff LLC. Even accepting the truth of the declaration, it does not alter the fact that Mr. Vallon is the owner of the Mark, not the Plaintiff LLC. There is insufficient

---

[3] Documents attached to a complaint are incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

evidence that the Plaintiff has suffered an injury-in-fact, so Article III standing is lacking. The Complaint must be dismissed in its entirety under Rule 12(b)(1).[4]

Defendants' Motion argues, "Since Vallon is the real party in interest, Palm Beach Concours lacks standing to bring this claim and therefore this Court must dismiss the complaint for lack of subject-matter jurisdiction." ECF No. 16 at 13. In its Response, Plaintiff asks for leave to join Mr. Vallon as the real party in interest under Federal Rule of Civil Procedure 17(a)(3). That Rule says in relevant part, "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the Real Party in interest." Fed. R. Civ. P. 17(a)(3).

Defendants did not address this request in their Reply. Even assuming that the existing motion is a request to dismiss "for failure to prosecute in the name of the real party in interest," *see Harrison v. Forde,* 594 F. Supp. 3d 1291, 1294-95 (M.D. Fla. 2022) (treating summary judgment motion as objection under Rule 17(a)(3)), Plaintiff does not cite, nor have I found, any case that allowed Rule 17(a)(3) joinder to cure a defect in the Court's subject matter jurisdiction. That result is not surprising. On the current record, the Court cannot exercise *any* judicial power other than to dismiss the case without prejudice. *See Stalley ex rel. United States v. Orlando*

---

[4] Because the Court lacks subject matter jurisdiction over the federal claims in Counts I and II, I decline to exercise supplemental jurisdiction over the state law claims in Counts III and IV. 28 U.S.C. §1367(c)(3).

*Rel's Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (dismissal for a lack of standing is not a ruling on the merits and is entered without prejudice). That means the Court cannot allow joinder under Rule 17(a)(3). Plaintiff's remedy is to file a separate motion for leave to file an Amended Complaint that cures the jurisdictional defect. *See* SDFL Local Rule 15.1.

Even if Mr. Vallon could be joined as a Plaintiff (and presumably cure the Article III standing problem), the Complaint should still be dismissed under Rule 12(b)(6). The Complaint should be dismissed in its entirety because it is an improper shotgun pleading because Counts II, III, and IV each incorporate all prior counts by reference. *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of shotgun pleading] — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). A court confronted with a shotgun pleading should *sua sponte* require repleading. *Id.* at 1321 n.10.

Separately, Count I should be dismissed for failure to state a claim on which relief can be granted. One of the statutory elements for Count I is that the Mark be federally registered. Even when viewed in the light most favorable to Plaintiff, the Complaint does not allege that the Mark is registered with the federal Copyright Office. Therefore, it fails to plausibly allege a violation of Section 32. *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007).

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss without prejudice.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald M. Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 30th day of December 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE