UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-80888-CV-DMM

PALM BEACH CONCOURS, LLC, and
SIDNEY VALLON,

        Plaintiffs,

vs.

SUPERCAR WEEK INC, and
NEIL LONDON,

        Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS
### [ECF No. 46]

Defendant moves to dismiss the three-count Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Count I alleges alleges unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a). Counts II alleges common law trademark infringement under Florida law. Count III alleges common law unfair competition under Florida law. The Amended Complaint alleges subject matter jurisdiction over the statutory claims under 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, and 1338. It alleges supplemental jurisdiction over the state law claims under 28 U.S.C. §1367(a).

Defendants argue Count I must be dismissed for lack of subject matter jurisdiction because it fails to allege a sufficient nexus to interstate commerce. Even assuming that an effect on interstate commerce is a jurisdictional prerequisite and

not an element of the cause of action, *see Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.,* 716 F.2d 833 (11th Cir. 1983), the Amended Complaint plausibly alleges that Plaintiffs used the mark in interstate commerce. Paragraph 15 says, "Plaintiffs have used the PB Concours Mark in interstate commerce to identify and distinguish PB Concours' high quality automobile show since 2019." ECF No. 37. The Amended Complaint also says, "Plaintiffs extensively used, advertised, and promoted the PB Concours Mark in the United States in connection with its annual Palm Beach concours shows." *Id.* at ¶17. These statements allege facts that are entitled to the assumption of truth. *Ashcroft v. Iqbal,* 556 U. S. 662, 679 (2009).

Count I alleges unfair competition under §43(a) of the Lanham Act. Count III alleges unfair competition under Florida common law. The elements of the causes of action are the same. "To prevail on a claim for federal unfair competition, a 'plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two.'" *TracFone Wireless, Inc. v. Adams*, 98 F. Supp. 3d 1243, 1257 (S.D. Fla. 2015) (J. Turnoff) (quoting *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007). "To prevail on a Florida common law unfair competition claim, a plaintiff must prove that (1) the plaintiff is the prior user of the trade name or service mark, (2) the trade name or service mark is arbitrary or suggestive or has acquired secondary meaning, (3) the defendant is using a confusingly similar trade name or service mark to indicate or identify similar services rendered (or similar goods marketed) by it in competition

with plaintiff in the same trade area in which plaintiff has already established its trade name or service mark, and (4) as a result of the defendant's action or threatened action, consumer confusion as to the source or sponsorship of the defendant's goods or services is likely." *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1219 (S.D. Fla. 2004) (J. Cohn).

Defendants argue that the Amended Complaint fails to allege ownership of the "Palm Beach Concours" trademark. That allegation is incorrect. The Amended Complaint alleges that Plaintiff Vallon owns a registration for "Palm Beach Concours & Design of a Car with 'Palm Beach Concours.'" ECF No. 37 at ¶3 and attached exhibit.[1] It further alleges that Mr. Vallon has authorized Plaintiff PB Concours to use the mark. *Id.* at ¶3.

Defendants next argue that the Amended Complaint fails to allege a valid mark or a likelihood of confusion. More specifically, they argue that the term "Palm Beach Concours" is a generic term that cannot be copyrighted. Viewing the allegations in the light most favorable to Plaintiffs, the Amended Complaint plausibly alleges that Plaintiffs hold a non-generic mark — put differently, based on the allegations in the Amended Complaint, the Court cannot conclude that the registered mark is generic. Defendants' arguments to the contrary are properly addressed at the summary judgment phase.

Similarly, the Amended Complaint plausibly alleges customer confusion. Defendants advertised their car event as "Concours Palm Beach." *Id.* at ¶¶23-25. The

---

[1] There is no visual depiction of the mark in the record.

3

registered mark contains the phrase "Palm Beach Concours." Viewed in the light most favorable to Plaintiffs and given that both terms were used in the context of automobile shows, there is a plausible inference of consumer confusion.

Count II alleges common law trademark infringement. To prevail on this claim, Plaintiffs "must demonstrate that (1) its mark has priority, (2) defendant used its mark in commerce, and (3) defendant's mark is likely to cause consumer confusion." *PetMed Express, Inc..*, 336 F. Supp. 2d at 1217. The Amended Complaint alleges that Plaintiffs have the priority mark. It alleges that Plaintiffs began using their registered mark in August 2019. ECF. No. 37 at ¶13. It further alleges that Defendants have used the registered mark beginning in or after September 2019. *Id.* ¶¶ 23, 28. As discussed above, it also plausibly alleges that the mark was used in commerce and that there is a likelihood of consumer confusion.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Dismiss. ECF No. 46.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald M. Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 12th day of May 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE